IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARY SUE ROBERTS,

        Plaintiff,

v.                            CIVIL ACTION NO.   5:13-cv-12569

JAY ROBERTS, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendants' *Motion to Dismiss* (Document 8) and the Plaintiff's *Response* thereto (Document 10), as well as the Plaintiff's *Motion for a Preliminary Injunction* (Document 20) and the parties' related filings. The Plaintiff filed a *Motion for a Temporary Restraining Order Pursuant to Rule 65(b) of Federal Rules of Civil Procedure and for Expedited Preliminary Injunction Hearing Pursuant to Rule 65(b)(3) of Federal Rules of Civil Procedure* (Document 20), whereupon the Court denied the temporary restraining order and held a hearing on November 21, 2013, to give the parties an opportunity to present argument regarding jurisdiction and the Plaintiff's motion for a preliminary injunction. Having carefully considered the parties' arguments, the Court finds that the Defendants' motion to dismiss should be granted, and that this Court lacks subject matter jurisdiction over the matter.

**I.    FACTUAL BACKGROUND**

At issue is the Della I. Roberts Trust and certain monies contained therein. The Trust was formed in Colorado in 1996. The Trust Agreement named James Roberts as Trustee, and he

administered the Trust until his death in 2012.[1] For the first three years, he administered the Trust from Colorado, but failed to register it. In 1999, James Roberts and Mary Sue Roberts, the instant Plaintiff, moved to Greenbrier County, West Virginia, and he administered the Trust from there until his death.[2]

James Roberts also managed his and his wife's finances. When Mary Sue Roberts inherited two certificates of deposit worth a combined $392,087.86 from her mother, she alleges that she entered into a contract with her husband to invest them for her, with the understanding that they would remain her personal property. James Roberts ultimately invested the money in the Della I. Roberts Trust. During the hearing, the Defendants asserted that the money could not be readily separated from the Trust, and that the funds had become intertwined and co-mingled. In response, the Plaintiff argued that, although the money was invested in the trust with no separate accounting mechanism, it could be readily distinguished from the other Trust funds. In addition to Mary Sue Roberts' inheritance, the Plaintiff alleges that James Roberts added $90,000 from the couple's joint account to the Trust.

The Trust provided that Mary Sue Roberts would serve as Successor Trustee on James Roberts' death or inability to serve. (Trust, Ch. 25, Article 3, att'd as Ex. A to Def.s' Mot., Document 8-1.). Pursuant to the terms of the Trust, however, the Defendants voted to remove her soon after James Roberts' death. The Defendants then petitioned the Larimer County District Court in Colorado (Colorado Court) to be named as successor trustees. The Plaintiff argued before the Colorado Court that jurisdiction was instead proper in West Virginia, without presenting her claims as to her moneys invested in the Trust. The Colorado Court held that it had jurisdiction over the Trust based on the explicit and unambiguous language of the Trust

---

1 James Roberts was the son of Della Roberts, the Grantor, the husband of the Plaintiff in this case, and the father of the Defendants. Mary Sue Roberts is the mother of the Defendants.
2 Notably, James Roberts failed to comply with West Virginia law regarding the filing of tax returns for the Trust.

Agreement and on Colorado law, and named Defendants Jay Roberts and Ashley Roberts McNamara as successor trustees. (Att'd to Def.'s Mot. as Ex. B.) The Plaintiff appealed the Colorado Court's decision, but the Colorado Supreme Court affirmed. (Att'd to Def.s' Mot. as Ex. D.)

## II. DISCUSSION

The Defendants have moved to dismiss this action on the basis that this Court lacks subject matter jurisdiction. The Plaintiff responded with arguments that this Court does indeed have jurisdiction, and she separately moved for an injunction to prevent the Defendants from disturbing any of the Trust assets. Because this Court must have proper jurisdiction to grant any relief to the Plaintiff, the Court must consider that issue first.

### A. *Jurisdiction*

The Defendants argue that this Court lacks subject matter jurisdiction over the Plaintiff's claims because the Trust's principal place of administration[3] is in Colorado, and thus, the Trust is governed by Colorado law. The Plaintiff retorts that the Colorado Court misinterpreted both the terms of the Trust and Colorado law in finding that it had jurisdiction. This Court will not and cannot act as an appellate court to review the decisions of the Colorado Court, affirmed by the Colorado Supreme Court, regarding the application of Colorado law.

The explicit terms of the Trust state that the Trust situs is in Colorado unless changed with written consent of the beneficiaries. Chapter 8, Article 15, of the Trust states: "the situs of this agreement may be changed by the unanimous consent of all of the beneficiaries…If such consent is obtained, the beneficiaries shall notify Trustee in writing of such change of trust situs, and shall if necessary designate a successor corporate fiduciary in the new situs." (Trust, Ch. 8, Article 15,

---

3 The Plaintiff suggested during the hearing that "situs" and "principal place of administration" may not be synonymous terms. To the extent that it would make a difference to the outcome of this case, the Court finds the terms to be interchangeable as used in the Trust Agreement.

att'd as Ex. A to Def.s' Mot., Document 8-1.) The parties are in agreement that James Roberts did not obtain the written consent of the beneficiaries before moving to West Virginia and administering the Trust from West Virginia. The Colorado Court held that Colorado law applies to the Trust and named Jay Roberts and Ashley McNamara as successor trustees, which means that the Trust is now being administered in Colorado. At this point, the Plaintiff's arguments based on West Virginia law are simply not relevant or proper to the Trust administration.

Given the holding of the Colorado Courts, this Court invited the parties to discuss their positions as to whether the $392,087.86 inheritance, which the Plaintiff alleges was invested with the Trust with the understanding that it would remain her separate money, is part of the Trust. While the Plaintiff argues that the amount of money could be readily identified, the parties agreed that Mary Sue Roberts' money was commingled with the Trust money. Thus, the court with jurisdiction over the Trust also has jurisdiction over the Plaintiff's claims, as presently presented.[4]

The Court finds that jurisdiction over the trust is properly in Colorado, and thus, this Court lacks subject matter jurisdiction. Accordingly, the Court orders that the Defendants' motion to dismiss be granted.

B.  *Preliminary Injunction*

As this Court has found that it lacks subject matter jurisdiction, the Plaintiff's motion for a preliminary injunction is necessarily moot. However, assuming arguendo it was not, the Plaintiff failed to make a showing of irreparable harm as required for injunctive relief. The Plaintiff alleges that the Defendants plan to "file a petition for approval of final distribution" of the Trust funds, (Pl.'s Inj. Mot. at ¶ K) and the Defendants have, in fact, done so. (Def.s' Reply to Pl.'s Inj. Mot. at 2.) Any distribution of the Trust assets will be overseen and approved by the Colorado

---

4 Mary Sue Roberts may have a claim against the estate of James Roberts based on his decision to commingle her personal funds with the Trust account. Such a claim could properly be brought in West Virginia, where all communications and investment decisions regarding the Plaintiff's inheritance took place.

Court, and the Plaintiff may properly present her claims to that court. Injunctive relief is not appropriate as a preemptive remedy against a feared negative ruling in another judicial proceeding.

### III. CONCLUSION

Wherefore, after careful consideration, the Court does hereby **ORDER** that the Defendants' *Motion to Dismiss* (Document 8) be **GRANTED** and that the Plaintiff's claim contained in her *Amended Complaint* (Document 26) be **DISMISSED WITHOUT PREJUDICE** in its entirety.

The Court further **ORDERS** that the Plaintiff's *Motion for a Preliminary Injunction* (Document 20) be **DENIED AS MOOT**, as is the *Plaintiff's Motion to Strike Defendants' Reply Brief to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Rule 7.1(a)(7) of Local Rules of Civil Procedure for Southern District of West Virginia* (Document 28).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 26, 2013

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA